UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CESAR ALFREDO SEPULVEDA,

    Plaintiff,

v.                                                Case No.:  6:20-cv-1300-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

# OPINION AND ORDER

Plaintiff Cesar Alfredo Sepulveda seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A. Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v.*

*Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the ALJ must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.     Procedural History

Plaintiff filed an application for a period of disability and disability insurance benefits on February 5, 2019, alleging disability beginning February 21, 2019. (Tr. 82, 191-96). The application was denied initially on April 30, 2019, and upon reconsideration on August 20, 2019. (Tr. 82, 118). Plaintiff requested a hearing and on March 25, 2020, a hearing was held before Administrative Law Judge ("ALJ") Eric S. Fulcher. (Tr. 37-70). On April 13, 2020, the ALJ entered a decision finding Plaintiff not disabled from February 21, 2019, through the date of the decision. (Tr. 15-24). Plaintiff requested review of the hearing decision, but the Appeals Council denied Plaintiff's request on May 29, 2020. (Tr. 1-5). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on July 22, 2020, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 19).

### D.     Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2024. (Tr. 17). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 21, 2019, the alleged onset date. (Tr. 17). At step two, the ALJ found that Plaintiff had the following severe impairments: "degenerative disc disease of the cervical, thoracic, and lumbar spine, degenerative joint disease of

the right shoulder, peripheral neuropathy, obstructive sleep apnea, and obesity." (Tr. 17). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 §§ C.F.R. 404.1520(d), 404.1525, and 404.1526). (Tr. 19).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 [C.F.R. §] 404.1567(a) with these specific restrictions: with his right upper extremity he can frequently operate hand controls and reach in all directions, including overhead; he can occasionally climb ramps, stairs, ladders, ropes, and scaffolds; he can frequently balance; he can occasionally stoop, kneel, crouch, and crawl; he can tolerate occasional exposure to unprotected heights, moving mechanical parts, and vibration.

(Tr. 20). At step four, the ALJ found that Plaintiff was able to perform his past relevant work as a claim examiner, and an appointment clerk. (Tr. 24). The ALJ concluded that Plaintiff had not been under a disability from February 21, 2019, through the date of the decision. (Tr. 24).

**II.   Analysis**

On appeal, Plaintiff raises a single issue: whether the ALJ applied the correct legal standards to the opinion of Dr. Lu. (Doc. 22, p.10). Plaintiff cites authority that discusses affording Dr. Lu's opinion as a treating physician substantial or

considerable weight unless good cause is shown to the contrary. (Doc. 22, p. 10-11). The regulations for disability cases filed after March 27, 2017 – such as this one – changed and an ALJ no longer defers or give any specific evidentiary weight to a medical opinion. 20 C.F.R. § 416.920c(a). Instead, an ALJ assesses the persuasiveness of a medical source's opinions in light of the following five factors, with the first two being the most important: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length, frequency, and purpose of the examining and any treatment relationship; (4) specialization; and (5) other factors, such as the source's familiarity with other evidence concerning the claim, that tend to support or contradict the medical opinion. 20 C.F.R. § 404.1520c(a)-(c). The ALJ cited and applied this new standard to Dr. Lu's opinion, finding it unpersuasive. (Tr. 20).

Also, the new regulations differentiate between medical opinions and "other medical evidence." 20 C.F.R. § 404.1513(a)(2)-(3). "A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the abilities listed in paragraphs (a)(2)(i) through (iv). 20 C.F.R. § 404.1513(a)(2). "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings,

diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. 404.1513(a)(3). Even though Plaintiff cites authority for the incorrect standard, the Court will nevertheless consider the ALJ's findings given the new regulations.

Plaintiff challenges the reasons the ALJ found Dr. Lu's opinion unpersuasive. (Doc. 22, p. 10-14). At the Veteran's Administration, Hsien-Yi Lu, M.D. treated Plaintiff from at least 2017 through 2020. (Tr. 1259-60, 1282, 1992-95). On January 24, 2020, Dr. Lu completed a Medical Opinion Form Re: Ability To Do Work Related Activities. (Tr. 2404-2407). The ALJ summarized Dr. Lu's findings and evaluated them as follows:

> [T]he claimant can stand for only twenty minutes and walk for ten. [Dr. Lu] noted the claimant can lift and carry between ten and twenty pounds. He believed the claimant would require three absences per month. (Exhibit 18-F, page 1) He noted the need for extra breaks. He stated that the claimant needs to elevate his feet for ten minutes every hour. (Exhibit 18-F, page 2) Dr. Lu's specific requirements related to absences and the need to elevate feet is not documented or corroborated by the record as a whole. The opinion is inconsistent with the claimant's generally normal examinations. (Exhibits 10-F, page 6; 36-F, page 68) Nor is the opinion consistent with the claimant's activity level including going to the gym and participating in yoga. (Exhibit 33-F, page 8) This opinion is not consistent with other evidence. In addition, the form he completed lacks specific statements to support the restrictions he has identified. The undersigned has not found this opinion to be persuasive.

(Tr. 22). The Court addresses each of the ALJ's reasons for finding Dr. Lu's opinion unpersuasive.

### A.    Absence from work and need to elevate feet

Plaintiff argues the evidence of record contradicts the ALJ's reasons to discount Dr Lu's limitations of being absent three or more workdays per month and needing to elevate feet. (Doc. 22, p. 12). The ALJ found these requirements as to absences and elevated feet not documented or corroborated by the evidence of record as a whole. (Tr. 22).

Regarding the number of absences, Plaintiff argues that the records show Plaintiff missed appointments, cancelled appointments, and had difficulty with scheduling. (Doc. 22, p. 12 (citing Tr. 1051, 1062, 2013, 2025)). As the Commissioner points out, a review of the cited records shows that Plaintiff missed or cancelled appointments, and may have had some difficulty scheduling them, but these records do not support the notion that Plaintiff was unable to attend these appointment due to his impairments. (Doc. 22, p. 25). For example, Plaintiff cites a VA administrative note reflecting someone attempted to contact Plaintiff to schedule an appointment, but Plaintiff did not answer and a message was left on voicemail for a return call. (Tr. 1051, 2025). Another record simply states that Plaintiff cancelled his appointment. (Tr. 1062). And another showed that he missed calls and cancelled appointments, but apparently Plaintiff had left the country for a family emergency. (Tr. 2013). These records fail to support the argument that Plaintiff missed or cancelled appointments or had difficulty scheduling them because of his

impairments and do not support Dr. Lu's opinion that Plaintiff will be absent three or more workdays per month.

Plaintiff also claims that the evidence of record supports Dr. Lu's limitations for the need to lie down with feet elevated for ten minutes per hour. (Doc. 22, p. 12, (citing Tr. 620, 622, 2598, 2770, 2772)). However, while Plaintiff's testimony and subjective complaints show lying down helps relieve his back pain, (Tr. 59, 620-22, 2770, 2772), Plaintiff cites no medical opinions or findings that support his need to lie down and elevate his legs for ten minutes every hour in a workday. In addition, the ALJ found Plaintiff had severe impairments of degenerative disc disease of the cervical, thoracic, and lumbar spine severe impairments and noted the treatment Plaintiff sought for these conditions. (Tr. 17, 21). The ALJ recognized that the record as a whole included Plaintiff's consistent treatment for back and other pain, and the RFC reflected this by including restrictions to sedentary work and additional postural limitations. (Tr. 20, 22-23). For these reasons, the Court finds the ALJ properly evaluated Dr. Lu's opinion as to these limitations under current legal authority and substantial evidence supports the ALJ's findings.

**B.     Inconsistent with other examinations**

Plaintiff argues the ALJ incorrectly found that Dr. Lu's opinion was inconsistent with Plaintiff's generally normal examinations. (Doc. 22, p. 12). Plaintiff claims the examinations cited by the ALJ actually support Dr. Lu's opinion.

(Doc. 22, p. 12). The ALJ cites two examinations in support of his finding: (1) a May 2019 examination by Michael P. Silverstein, M.D.; and (2) a February 2020 examination by David Portee, M.D. (Tr. 22, 660-61, 2756-63).

On examination, Dr. Silverstein found Plaintiff: ambulated without gait instability; had tenderness to palpation across the lumbar spine, greater on the right side; had range of motion of the lumbar spine included flexion to the knees and extension 50% past neutral with mild discomfort in both directions; had negative nerve tension bilaterally; had no irritability of hips for range of motion; had upper extremity motor function 5/5; had reflexes non-pathologic; and moved easily from seated to a standing position. (Tr. 660). The x-rays show degenerative lumbar curvature with convexity to the right side, but no loss of disc height throughout the lumbar spine. (Tr. 660). Facet degenerative changes were noted, with no evidence for fracture or anterior spondylolisthesis. (Tr. 660). Dr. Silverstein's impression was chronic low back pain. (Tr 661). The plan was for a future injection and home yoga exercises. (Tr. 661).

On examination, Dr. Portee found: internal and external rotation were diminished bilaterally at the hips; his lower back and upper medial gluteal muscles were tender bilaterally; he had mildly limited range of motion in his lower back; a pinch in the right gluteal area; mildly limited in lateral bending with Plaintiff complaining of left low back pain; and full rotation with low back pain. (Tr. 2760-

61). Dr. Portee's impressions where chronic pain syndrome and chronic mechanical back pain with lower extremity tightness. (Tr. 2761).

Plaintiff argues these examinations do not reveal normal findings as alleged by the ALJ. (Doc. 22, p. 13). While some of Dr. Silverstein's and Dr. Portee's findings were not "normal" or unremarkable, they also were not severe enough to warrant the extreme limitations found by Dr. Lu. Both doctors found range of motion was somewhat limited and associated with mild discomfort or pain. But these results conflict with Dr. Lu's extreme limitations of standing less than 20 minutes and walking less than 10 minutes in an 8-hour workday. (Tr. 660-61, 2404, 2760-61). Indeed, Dr. Silverstein recommended Plaintiff consider home yoga exercises and Dr. Portee recommended that Plaintiff walk three times per week for 10 minutes. (Tr. 2762). The Court finds substantial evidence supports the ALJ decision regarding these limitations and the ALJ applied the correct legal authority.

### C.   Activity level

Next, Plaintiff claims that the ALJ erred in finding that Dr. Lu's opinion was inconsistent with Plaintiff's activity level, which included going to the gym and participating in yoga. (Doc. 22, p. 13). Plaintiff argues the ALJ cited an exhibit claiming Plaintiff went to the gym, but this exhibit never mentioned the gym. (Doc. 22, p. 13). Plaintiff adds that he started doing yoga which relieved his back pain, and

it is unclear how this treatment modality is inconsistent with Dr. Lu's opinion regarding Plaintiff's functional capacity. (Doc. 22, p. 13-14).

While true that the ALJ cited Dr. Silverstein's treatment note where Plaintiff's reported his pain improved with yoga but did not mention the gym, medical records indicated Plaintiff worked out at the gym in February 2019 and did weights up to 90 pounds, which caused an injury to his shoulder. (Tr. 427, 513, 634, 689). The ALJ also cited Plaintiff cleaning, preparing meals, bathing, living independently, using public transportation, and driving. (Tr. 23). He also noted Plaintiff watched his grandchildren, walked 5-10 minutes to relieve anxiety, and played racquetball. (Tr. 23, 2750). Substantial evidence supports the ALJ's conclusion that Plaintiff's activities are inconsistent with Dr. Lu's severe limitations and the ALJ applied the correct legal standard.

### D. Conclusory statement of inconsistency and lack of specific statements in support of the opinion

Plaintiff argues the ALJ made a conclusory finding that Dr. Lu's opinion is not consistent with other evidence of record. (Doc. 22, p. 13). As discussed above, the ALJ articulated specific reasons why he found Dr. Lu's opinion inconsistent with the evidence of record. (Tr. 22). To recap, the ALJ found the evidence of record did not support the limitations found by Dr. Lu, including other inconsistent medical records and Plaintiff's daily activity level. (Tr. 22). These reasons support the ALJ's findings as to Dr. Lu's opinion.

Plaintiff also claims the ALJ erred in noting that Dr. Lu's Medical Opinion Form lacked specific statements to support the restrictions he identified. (Doc. 22, p. 14; Tr. 22). Plaintiff claims the ALJ should have considered all of Dr. Lu's reports as a basis for his statement. (Doc. 22, p. 14). Plaintiff cites legal authority under the old standard about a treating physician's opinion that is inapplicable here. (Doc. 22, p. 14). Even so, the ALJ did consider Dr. Lu's treatment notes and cited the VA treatment records throughout the decision. (Tr. 18, 21). Finally, Plaintiff cited none of Dr. Lu's treatment notes that do support the extreme limitations noted in his opinion.

### III. Conclusion

For the above reasons, the Court finds that the ALJ's opinion is supported by substantial evidence and the ALJ applied the correct legal standard to Dr. Lu's opinion. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on September 21, 2021.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties